IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
U.S. DISTRICT COURT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>STEVEN N. WRAY,<br>　　　　　　　　　Defendant,<br>and<br><br>RESTORE GLOBAL, INC.,<br>　　　　　　　　　Garnishee. | CASE NO. DNCW310CR000102-003<br>(Financial Litigation Unit) |

**CONSENT ORDER OF GARNISHMENT**

The parties, the United States of America, Defendant, Steven N. Wray, and Garnishee, Restore Global, Inc., agree and stipulate as follows:

1. Defendant is Steven N. Wray, Social Security Number xxx-xx-xxxx, whose last known address is:

XXXXXXXXXX

XXXXXXXXXX

2. A criminal judgment was entered in Case No. DNCW310CR000102-003 in the Western District of North Carolina against Defendant in this action where Steven N. Wray was ordered to pay an assessment and restitution in the amount of $2,564,550.31. The parties agree and stipulate that the total balance due in this case is $1,588,104.30, as of August 30, 2016.

3. Garnishee has in its possession, custody or control property of Defendant in the form of wages paid to Defendant.

4. Defendant waives service of an application for a writ of continuing garnishment as required by 28 U.S.C. § 3205, and further waives his/her right to a hearing under said statute and

any other process to which Defendant may be entitled under 28 U.S.C. § 3205, and further waives his/her right to a hearing under said statute and any other process to which Defendant may be entitled under 28 U.S.C. § 3001. et. seq.

5. Garnishee waives service of an application for a writ of continuing garnishment as required by 28 U.S.C. §3205, and further waives its right to answer and waives being heard in this matter and any other process to which the garnishee may be entitled under 28 U.S.C. § 3001. et. seq.

6. Defendant agrees and stipulates that his/her wages are subject to garnishment under 28 U.S.C. § 3205 and expressly agrees and stipulates that the entry of a Consent Order in Garnishment is proper.

7. Garnishee agrees and stipulates that they are prohibited from discharging Defendant from employment by reason of the fact that his earnings have been subject to garnishment from any one indebtedness. See 15 U.S.C. § 1674.

8. The parties agree and stipulate to the entry of a Consent Order of Continuing Garnishment against the non-exempt wages of Defendant. It is expressly agreed and stipulated to by the parties that Garnishee pay Plaintiff fifteen percent (15%) of Defendant's earnings which remain after all deductions required by law have been withheld and/or fifteen percent (15%) of all 1099 payments and continue said payments until the debt to Plaintiff is paid in full or until Garnishee no longer has custody, possession or control of any property belonging to Defendant or until further Order of this Court. See 15 U.S.C. § 1673(a).

9. The parties agree and stipulate that Plaintiff will submit this debt to the Treasury for inclusion in the Treasury Offset Program. Under this program, any federal payment Defendant would normally receive may be offset and applied to this debt.

10. The garnishment payments should be made payable to the United States Clerk of Court and mailed to:

> United States Clerk of Court
> 401 West Trade Street
> Charlotte, North Carolina 28202

> Respectfully submitted,
> JILL WESTMORELAND ROSE
> UNITED STATES ATTORNEY
>
> */s/ Tiffany Mallory Moore*
> Tiffany Mallory Moore
> Assistant United States Attorney
> GASB# 744522
> 227 West Trade Street, Suite 1650
> Charlotte, NC 28202
> Ph: 704-344-6222
> Fx: 704-227-0248
> Tiffany.Moore2@usdoj.gov

Agreed and Consented to:

*/s/*
Steven N. Wray
Defendant

*/s/*
Agent for Garnishee
Restore Global, Inc.

**SO ORDERED.**

Signed:

*/s/ David S. Cayer*
David S. Cayer
United States Magistrate Judge